IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ARNOLD DEAN RUIZ, et al.,<br>    Plaintiffs,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>    Defendant. | CIVIL NO. 20-1240 (MDM) |

## OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss, which seeks the dismissal of Plaintiff Arnold Dean Ruiz's ("Plaintiff") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Docket No. 77). Plaintiff filed a Notice of Non-Opposition to the motion (Docket No. 78). Having considered the parties' filings, the record, and controlling precedent, the Motion to Dismiss, which stands unopposed, is **GRANTED** for the reasons set forth below.

### I.    Procedural Background

Plaintiff challenges the exclusion of residents of Puerto Rico from the federal Supplemental Security Income ("SSI") program, alleging violations of the Equal Protection and Due Process components of the Fifth Amendment, as well as claims under the Citizenship Clause of the Fourteenth Amendment and the Privileges and Immunities Clause of Article IV.

The Court previously denied Plaintiff's Motion for Leave to File a Second Amended Complaint, finding that the proposed amendments would be futile under *United States v. Vaello Madero*, 596 U.S. 159 (2022), and other binding precedent. (*See* Docket No. 76). Defendants thereafter filed the present Motion to Dismiss.

In response, Plaintiff filed a Notice of Non-Opposition acknowledging that *Vaello Madero* "currently forecloses certain constitutional claims raised in this action." (Docket No. 78). Plaintiff therefore does not oppose dismissal at this time but purports to reserve the right to appeal and to preserve several constitutional theories,

including those based on the Citizenship Clause and distinct equal-protection theories.

## II. Discussion

The Court incorporates by reference its prior Order denying leave to amend the complaint (Docket No. 76), wherein it thoroughly addressed and rejected the same constitutional theories asserted by the Plaintiff in the original complaint as precluded by controlling precedent. As previously explained, *Vaello Madero* squarely upheld Congress's authority under the Territorial Clause to legislate differently with respect to Puerto Rico and rejected the claim that exclusion of Puerto Rico residents from SSI violates the equal protection component of the Fifth Amendment.

Likewise, Plaintiff's additional theories under the Citizenship Clause and the Privileges and Immunities Clause are foreclosed by well-settled precedent. *See Hawes v. Club Ecuestre El Comandante*, 535 F.2d 140, 145 (1st Cir. 1976) (Article IV § 2 limits state—not federal—action); *Califano v. Torres*, 435 U.S. 1 (1978) (per curiam) (upholding exclusion of Puerto Rico residents from federal benefits programs); *Harris v. Rosario*, 446 U.S. 651 (1980) (same).

While the Court recognizes Plaintiff's intention to preserve appellate arguments and acknowledges the broader policy concerns implicated by the disparate treatment of United States citizens residing in Puerto Rico, it remains bound by Supreme Court and First Circuit precedent. As the Plaintiff herself acknowledges, the Court is without authority to depart from those rulings.

### III.    Conclusion

For the foregoing reasons, and in light of Plaintiff's non-opposition, Defendants' Motion to Dismiss (Docket No. 77) is **GRANTED**. All claims and causes of action asserted in the present case are hereby **DISMISSED WITH PREJUDICE**. Judgment will be entered accordingly.

**IT IS SO ORDERED AND ADJUDGED.**

In San Juan, Puerto Rico, this 16th day of October 2025.

s/ *Marshal D. Morgan*
MARSHAL D. MORGAN
UNITED STATES MAGISTRATE JUDGE